# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 13-751V**

| | |
|---|---|
| VERNON GEARHART, Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | Filed: August 20, 2015 <br><br> Decision by Stipulation; Damages; Influenza ("Flu") Vaccine; Guillain-Barré Syndrome ("GBS") |

*Rachel E. Gusman*, Graves, Barkett & McLain, PLLC, Tulsa, OK, for Petitioner.

*Linda S. Renzi*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On September 27, 2015, Vernon Gearhart filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that he suffered from Guillain-Barré syndrome ("GBS") as a result of his October 21, 2011, receipt of the influenza ("flu") vaccine.

Respondent denies that Petitioner's receipt of the flu vaccine caused him to suffer from GBS, any other injury, or his current condition. Nonetheless both parties, while maintaining their

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

above-stated positions, agreed in a stipulation (filed August 20, 2015) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $481,468.48, which amount represents compensation for first year life care expenses ($51,147.49), lost earnings ($233,654.23), pain and suffering ($195,841.47), and past unreimbursable expenses ($825.29), in the form of a check payable to Petitioner; and

- An amount sufficient to purchase the annuity contract described in paragraph ten of the attached stipulation, paid to the life insurance company from which the annuity will be purchased.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| VERNON GEARHART,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES<br><br>Respondent. | ) | No. 13-751V<br>Special Master Corcoran |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Vernon Gearhart, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his flu immunization on October 21, 2011.

3. The vaccination was administered within the United States.

4. Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of receiving the influenza vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the influenza vaccine caused petitioner to suffer GBS or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $481,468.48, which amount represents compensation for first year life care expenses ($51,147.49), lost earnings ($233,654.23), pain and suffering ($195,841.47), and past unreimbursable expenses ($825.29), in the form of a check payable to petitioner; and

   b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.  A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b.  Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Vernon Gearhart, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

a. For future unreimbursable Insurance Deductible and Maximum-out-of-Pocket, Primary Care, Pain Management, Psychiatrist and Neurologist expenses, beginning on the first anniversary of the date of judgment, an annual amount of $7,049.00 to be paid up to the anniversary of the date of judgment in year 2018, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

b. For future unreimbursable BCBS Premium expenses, beginning on the anniversary of the date of judgment in year 2018, an annual amount of $6,194.04 to be paid up to the anniversary of the date of judgment in year 2024, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

c. For future unreimbursable BCBS Maximum-out-of-Pocket expenses, beginning on the anniversary of the date of judgment in year 2018, an annual amount of $3,250.00 to be paid up to the anniversary of the date of judgment in year 2024, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

d. For future unreimbursable Medicare Part B Premium, Medicare C Advantage Premium, and Medicare Part D expenses, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $6,192.84 to be paid for the remainder of petitioner's life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

e. For future unreimbursable Medicare C Advantage Plan Maximum-out-of-Pocket expenses, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $3,400.00 to be paid for the remainder of petitioner's life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

f. For future unreimbursable prescription medication expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,580.00 to be paid up to the anniversary of the date of judgment in year 2018, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

g. For future unreimbursable Case Management expenses, beginning on the first anniversary of the date of judgment, an annual amount of $900.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h. For future unreimbursable Van Conversion expenses, on the anniversary of the date of judgment in year 2018, a lump sum of $26,500.00. Then, on the anniversary of the date of judgment in year 2025, a lump sum of $26,500.00. Thereafter, beginning on the anniversary of the date of judgment in year 2026, an annual amount of $3,785.71 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

i. For future unreimbursable ancillary expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,560.00 to be paid for the remainder of

petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

j. For future unreimbursable ADL equipment, Quad Cane, Portable Ramp, Wheelchair Pack, Bath Seat, and Medical Alert Tab expenses, beginning on the first anniversary of the date of judgment, an annual amount of $101.42 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

k. For future unreimbursable Power Wheelchair expenses, on the anniversary of the date of judgment in year 2018, a lump sum of $5,400.00. Then, on the anniversary of the date of judgment in year 2025, a lump sum of $5,400.00. Thereafter, beginning on the anniversary of the date of judgment in year 2026, an annual amount of $771.43 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

l. For future unreimbursable Wheelchair Maintenance expenses, beginning on the anniversary of the date of judgment in year 2018, an annual amount of $540.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Vernon Gearhart, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Vernon Gearhart's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts

awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the influenza vaccination administered on October 21, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about September 27, 2013, in the United States Court of Federal Claims as petition No. 13-751V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused petitioner's GBS or any other injury or his current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/

/

/

/

/

/

/

Respectfully submitted,

**PETITIONER:**

VERNON GEARHART

**ATTORNEY OF RECORD FOR PETITIONER:**

RACHEL E. GUSMAN, ESQ.
GRAVES MCLAIN, PLLC
1437 S. Boulder Ave., Ste. 1010
Tulsa, OK 74119
Tel: (918) 359-6600

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

A. MELISSA HOUSTON M.D., M.P.H., FAAP
Director, Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

LINDA S. RENZI
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4133

Dated: Aug 20, 2015